ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| NANCY CARDENALES<br><br>Peticionaria<br><br>v.<br><br>HERMINIO CARDENALES<br><br>Recurrido | KLCE202401043 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.: GB2024CV00349<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece ante nos la parte demandante y peticionaria, Sra. Nancy Cardenales (señora Cardenales), mediante el presente recurso de *certiorari*. Solicita nuestra intervención para que revisemos la *Orden* emitida y notificada el 11 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI). Allí, reiteró su previa determinación de dar por admitido el *Requerimiento de Admisiones* cursado por la parte demandada y recurrida, Sr. Herminio Cardenales Rodríguez (señor Cardenales Rodríguez).

Examinado el recurso, resolvemos denegar la expedición del auto de *certiorari* solicitado.

**I.**

La presente causa se inició el 23 de abril de 2024, ocasión en que la señora Cardenales —quien reside en el estado de Florida— incoó una *Demanda* contra su exesposo para la división de la comunidad de bienes postgananciales.[1] En particular, aludió a una suma dineraria depositada en la South Florida Educational Credit

---

[1] Apéndice, págs. 1-2.

Union, sobre la que alegó el demandado retiró el dinero sin entregarle su participación. Además, mencionó una propiedad inmueble sita en Guaynabo, la cual presuntamente fue comprada con su dinero privativo, producto de una herencia.

Luego de solicitar dos prórrogas, las cuales fueron concedidas por el TPI, el señor Cardenales Rodríguez presentó *Contestación a la Demanda y Reconvención.*[2] El señor Cardenales Rodríguez solicitó, por igual, la división de los bienes comunes. Indicó que la pareja contrajo matrimonio en dos ocasiones y que, vigente el segundo vínculo matrimonial, se realizó el retiro de los fondos reclamados. Con relación al inmueble, negó la aseveración según alegada. Reconoció la aportación de bienes privativos de la demandante, pero afirmó que la propiedad se compró a nombre de su hermana para, eventualmente, transferir la titularidad a ambos contendientes. Por tanto, peticionó que se tasara la propiedad y se adjudicara en partes iguales su división.

Así las cosas, el 19 de julio de 2024, el demandado informó al TPI que cursó el *Primer Pliego de Interrogatorio y Producción de Documentos y Requerimiento de Admisiones.*[3] El TPI tomó conocimiento y emitió una *Orden* para la *Conferencia Inicial.*[4] El último día para someter las contestaciones del *Requerimiento de Admisiones,* 8 de agosto de 2024, la representación legal de la señora Cardenales, Lcda. Frances Meléndez Alicea (licenciada Meléndez Alicea), solicitó una prórroga de veinte (20) días para someter las respuestas.[5] El TPI concedió el plazo peticionado.[6] También la señora Cardenales, quien se encontraba de vacaciones, solicitó a través de su abogada otra prórroga para instar la alegación

---

[2] Apéndice, págs. 3-4 y 6-7, 5 y 8, 9-15.
[3] Apéndice, pág. 16.
[4] Véase, entrada 12 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Apéndice, págs. 17-18.
[6] Apéndice, pág. 19.

responsiva de la *Reconvención.* Ésta fue concedida y la demandante presentó su contestación el 4 de septiembre de 2024.[7]

Nuevamente, el último día del término, 28 de agosto de 2024, por conducto de su abogada, la demandante presentó la *Moción solicitando prórroga adicional.*[8] La licenciada Meléndez Alicea explicó que, ese mismo día, se había comunicado con la demandante, por lo que no había podido completar las contestaciones requeridas. A esos efectos, solicitó una prórroga adicional de quince (15) días. El TPI la denegó, ya que había concedido varias prórrogas.[9]

Visto lo anterior, el 1 de septiembre de 2024, el señor Cardenales Rodríguez peticionó que se admitieran las aseveraciones comprendidas en el *Requerimiento de Admisiones.*[10] Mediante una *Orden* dictada el 3 de septiembre de 2024, notificada al día siguiente, el TPI expresó: "SE DA POR ADMITIDO EL REQUERIMIENTO DE ADMISIONES".[11]

Inconforme, el 4 de septiembre de 2024, la señora Cardenales sometió una *Reconsideración* y anejó la *Contestación a Requerimiento de Admisiones*, sin juramentar.[12] Más tarde ese día, incoó una *Reconsideración Enmendada*, en la que informó que el 5 de septiembre de 2024 iría al notario a juramentar el documento.[13] Entonces, el 5 de septiembre de 2024, la demandante presentó otro escrito de *Reconsideración*, al que unió la Certificación de County Clerk y la *Contestación a Requerimiento de Admisiones*, esta vez, juramentado.[14] Inicialmente, el TPI se pronunció: "HA LUGAR. SE DEJA SIN EFECTO LA DETERMINACIÓN DE DAR POR ADMITIDO EL REQUERIMIENTO DE ADMISIONES".[15]

---

[7] Refiérase al Apéndice, págs. 20, 21 y las entradas 24 y 31 del SUMAC.
[8] Apéndice, págs. 22-23.
[9] Apéndice, pág. 24.
[10] Apéndice, págs. 25-26.
[11] Apéndice, pág. 27.
[12] Apéndice, págs. 28-33.
[13] Apéndice, págs. 34-35.
[14] Apéndice, págs. 36-41.
[15] Emitida el 4 de septiembre de 2024, notificada el día 5 (entrada 30). Apéndice, pág. 45.

No obstante, el demandado riposto las peticiones de reconsideración de dar por admitido el *Requerimiento de Admisiones*.[16] Apuntó sobre la improcedencia de la demandante al anejar un documento inadmisible en Derecho, el cual no fue contestado dentro de los términos taxativos que establece la Regla 33 de Procedimiento Civil, *infra*, y ante una *Orden* en contrario, ya que el TPI denegó la última prórroga solicitada. Por consiguiente, peticionó la exclusión del documento del expediente judicial, el cual sostuvo, además, que no le fue notificado previo a la presentación de las peticiones de reconsideración.

En respuesta, el TPI dictó las siguientes *Órdenes*:

(1) Al examinar el documento presentado por la señora Cardenales, por el cual sometió el documento, y la *Oposición* del demandado, dijo:

"EXAMINADA LA MOCIÓN DE RECONSIDERACIÓN QUE INCLUYE REQUERIMIENTO DE ADMISIONES JURAMENTADO EL 5 DE SEPTIEMBRE DE 2024 SE ORDENA LO SIGUIENTE:
        1. SE ORDENA EL DESGLO[S]E DE LA CONTESTACIÓN DEL REQUERIMIENTO DE ADMISIONES PRESENTADO COMO ANEJO.
        2. SE DA POR ADMITIDO EL REQUERIMIENTO DE ADMISIONES".[17]

(2) En atención particular a la *Oposición* del señor Cardenales Rodríguez, el TPI expresó:

"SE ORDENA LA ELIMINACIÓN DEL EXPEDIENTE LA CONTESTACIÓN AL REQUERIMIENTO DE ADMISIONES.
PONGA EN CONDICIONES AL TRIBUNAL SI RECIBIÓ LA CONTESTACIÓN JURAMENTADA PARA EL 4 DE SEPTIEMBRE DE 2024. DE NO SER ASÍ EL TRIBUNAL ACOGERÁ SU SOLICITUD Y DARÁ POR ADMITIDO EL REQUERIMIENTO.
SI RECIBIÓ LA CONTESTACIÓN DEL REQUERIMIENTO DE ADMISIONES JURAMENTADO EL 4 DE SEPTIEMBRE DE 2024 SE DEJA SIN EFECTO LA ADMISIÓN".[18]

---

[16] Apéndice, págs. 42-44.
[17] Emitida el 5 de septiembre de 2024, notificada el día 6 (entrada 32). Apéndice, pág. 46.
[18] Emitida el 5 de septiembre de 2024, notificada el día 6 (entrada 33). Apéndice, pág. 47.

La señora Cardenales compareció mediante *Moción cumplimiento de Orden* el 11 de septiembre de 2024.[19] Unió al escrito la copia del correo electrónico, fechado el 5 de septiembre de 2024, por el cual notificó al demandado del *Requerimiento de Admisiones*. Por consiguiente, en la misma fecha y según lo advertido, el TPI expresó: "PERMANECE LA DETERMINACIÓN. SE DAN POR ADMITIDAS LAS ALEGACIONES".[20]

Inconforme, la señora Cardenales acudió ante este foro intermedio el 26 de septiembre de 2024 y señaló la comisión de los siguientes errores, los cuales reproducimos *ad verbatim*:

1. Erró el Honorable Tribunal de Primera Instancia declarando No Ha Lugar la extensión de prorroga para contestar el requerimiento de Admisiones, interrogatorio y reconvención aduciendo que se habían concedido varias prorrogas, cuando esta fue la segunda solicitada por esta parte para contestar tres asuntos diferentes. Cuando la parte demandada solicito dos prorrogas para contestar la demanda y le fueron concedidas. Provocando que el Tribunal diera por admitido el requerimiento de admisiones lo cual violenta el debido proceso de ley en la vertiente procesal de la parte demandante derrotando así los fines de la justicia y que los casos se resuelvan en los méritos.

2. Erro el Honorable Tribunal cuando Declaro Ha Lugar la Reconsideracion el día 5 de septiembre de 2024 y dejo sin efecto la admisión del Requerimiento de Admisiones y el día 6 de septiembre cambia la Orden y solicita se evidencia que se envio el Requerimiento de Admisiones el día 4 de septiembre de 2024 cuando se envio el mismo día de su juramento el día 5 de septiembre de 2024 (alegación que esta en la Reconsideracion), violentando así el debido proceso del ley en la vertiente procesal de la parte demandante.

3. Erro el Honorable Tribunal al dar por Admitido el Requerimiento de Admisiones cuando la parte demandada aun no contestaba la reconvención, debió comenzar el descubrimiento de prueba una vez la parte demandante contestara la extensa reconvención. Esto creo una desventaja para la parte demandante toda vez debia contesta simultáneamente una reconvención, Interrogatorio y Producción de Documentos mas un Requerimiento de Admisiones. Violentando así el debido proceso del ley en la vertiente procesal de la parte demandante, derrotando así los fines de la justicia y que los casos se resuelvan en los méritos.

---

[19] Apéndice, págs. 48-49.
[20] Apéndice, pág. 50.

El señor Cardenales Rodríguez presentó *Escrito en oposición a petición de certiorari* el 28 de octubre de 2024. Con el beneficio de ambas comparecencias, podemos resolver.

**II.**

***El auto de certiorari***

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro

intermedio tiene autoridad para atender los recursos de *certiorari*.

En su parte pertinente, la norma dispone como sigue:

.    .    .    .    .    .    .    .

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> .    .    .    .    .    .    .    .

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra*, pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, **es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

### *El requerimiento de admisiones*

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, gobierna el alcance del requerimiento de admisiones. Así dispone:

**Regla 33. Requerimiento de Admisiones**

(a) *Requerimiento de admisión.* A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que

hayan sido entregadas o suministradas para inspección y copia. **El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito** y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. **Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia**. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento. En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea cierto y negarse solamente el resto. Una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; podrá, sujeto a lo dispuesto en la Regla 34.4, negar lo requerido o exponer las razones por las cuales no puede admitir o negar.

La parte que ha requerido las admisiones podrá, mediante una moción, cuestionar la suficiencia de las contestaciones u objeciones. A menos que el tribunal determine que una objeción está justificada, ordenará que se conteste lo requerido. Si el tribunal determina que una contestación no cumple con los requisitos de esta regla, podrá ordenar que se dé por admitido lo requerido o que se notifique una contestación enmendada. El tribunal podrá, en su lugar, determinar que se dispondrá finalmente del requerimiento en una conferencia con antelación al juicio o en una fecha señalada antes del juicio. Las disposiciones de la Regla

34.2(c) aplican a la imposición de gastos en que se incurra con relación a la moción.

(b) *Efecto de la admisión.* **Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión**. Sujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o la enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin ni podrá ser usada contra ella en ningún otro procedimiento. (Énfasis nuestro).

Conforme se desprende de la precitada Regla 33, a través de un requerimiento de admisiones, una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil, respecto a cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, o que admita la autenticidad de cualquier documento que se acompañe con el requerimiento. La norma procesal persigue "aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 571 (1997). Si bien el requerimiento de admisiones no se considera un mecanismo del descubrimiento de prueba, cumple una función importante, pues sirve como un instrumento eficaz para delimitar las controversias del caso, lograr admisiones que acorten el pleito y evitar gastos innecesarios. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. III, pág. 1001; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007).

La regla permite que se curse al demandante un requerimiento de admisiones, sin permiso del tribunal, luego de iniciado el litigio. Regla 33 de Proc. Civil, *supra*; Cuevas Segarra, *op.*

*cit.,* pág. 1003. La parte interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de veinte (20) días. Regla 33 de Proc. Civil, *supra*; *Rivera Prudencio v. Mun. de San Juan, supra,* págs. 171-172. Las disposiciones de la norma procesal son mandatorias, no meramente directivas, "lo que requiere que haya un cumplimiento con las mismas". Cuevas Segarra, *op. cit.,* pág. 999. Transcurrido el término reglamentario no prorrogado, si la parte no cumple con el plazo, las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas, sin ulterior trámite. Es decir, no se requiere que el tribunal emita una orden. *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra,* pág. 573; *Rivera Prudencio v. Mun. de San Juan, supra,* pág. 172; Cuevas Segarra, *op. cit.,* págs. 1000-1001. El efecto es que la admisión de un requerimiento se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita su retiro o una enmienda a ésta. En el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible para favorecer que el conflicto se dilucide en los méritos. Regla 33 de Proc. Civil, *supra*; *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra,* págs. 573-574.

## III.

En la causa presente, la señora Cardenales alega la violación de su debido proceso de ley al TPI negarse a conceder la prórroga peticionada, aun cuando la solicitó para responder a tres asuntos diferentes. Sostiene que ello la colocó en desventaja frente al recurrido y afirma que el descubrimiento de prueba debió comenzar luego de presentada la contestación a la *Reconvención.* Asimismo, imputa error al TPI al variar su dictamen y dar por admitido el *Requerimiento de Admisiones.* En suma, la peticionaria nos intima a sustituir el criterio del TPI por el nuestro, con el fin de revocar la exclusión de la *Contestación a Requerimiento de Admisiones* del

expediente judicial, presentada fuera del plazo prorrogado; así como dejar sin efecto la determinación final del TPI de dar por admitido el *Requerimiento de Admisiones*, el cual fue cursado una vez se inició el pleito, en conformidad con la norma procesal.

Según reseñamos, luego de iniciado el pleito en su contra, el señor Cardenales Rodríguez notificó un *Requerimiento de Admisiones* de ocho (8) enunciados a la señora Cardenales el 19 de julio de 2024. Sujeto a la letra de la Regla 33 de Procedimiento Civil, *supra*, la peticionaria contaba con veinte (20) días para contestarlo; esto es, hasta el 8 de agosto de 2024. Es sabido que el incumplimiento del plazo acarrearía que automáticamente se considerarían admitidas las cuestiones planteadas.

En la fecha señalada, la peticionaria compareció con una moción de prórroga de otros veinte (20) días, la cual fue concedida; extendiendo el plazo al 28 de agosto de 2024. Cumplido el nuevo término, la peticionaria solicitó una nueva prórroga de quince (15) días que, en el ejercicio de su discreción, el TPI denegó. Nótese que el TPI también había concedido una prórroga distinta para la presentación de la contestación a la *Reconvención*.

A petición de parte y en concordancia con el ordenamiento jurídico, el 4 de septiembre de 2024, el TPI notificó que se dio por admitido el *Requerimiento de Admisiones*. No obstante, la señora Cardenales solicitó la reconsideración de la determinación. Sin autorización, pues la prórroga nunca fue concedida, la peticionaria unió la *Contestación a Requerimiento de Admisiones* en dos ocasiones: el día 4 sin la juramentación reglamentada ni notificación al señor Cardenales; y el día 5 con el juramento, esta vez, notificando al recurrido.

En un principio el TPI reconsideró. Empero, al examinar la oposición del señor Cardenales y constatar que el recurrido fue notificado el 5 de septiembre de 2024, entonces, revirtió su previa

decisión. En consecuencia, ordenó el desglose del documento y restableció su determinación inicial de dar por admitido el *Requerimiento de Admisiones*.

Ciertamente, si la parte a quien se le cursa un requerimiento de admisiones no cumple con el término de veinte (20) días provisto por la Regla 33, *supra,* "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas".  Para ello no se requiere un trámite ulterior. *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra,* pág. 573. Por consiguiente, la parte promovida tiene un deber afirmativo de responder y de efectuar las gestiones necesarias para obtener la información para admitir o negar. Como dijimos, las disposiciones de la Regla 33 de Procedimiento Civil, *supra,* requieren un cumplimiento sustancial.

Luego de un examen sosegado de la *Orden* impugnada, los documentos que obran en el expediente y el Derecho aplicable, concluimos que la señora Cardenales no satisfizo los criterios reglamentarios de la Regla 52 de Procedimiento Civil, *supra,* ni de la Regla 40 de nuestro Reglamento, *supra.* Tampoco logró persuadir nuestra discreción para variar el curso que el TPI dio a la cuestión planteada. Como se sabe, los tribunales apelativos no debemos modificar las decisiones relacionadas con el manejo del caso emitidas por el foro de primera instancia, a menos que medie prejuicio, pasión, parcialidad o error manifiesto. Esta deferencia está cimentada en que dicho foro está en mejor posición para tomar las medidas que permitan el adecuado curso hacia su disposición final, de la forma más justa, rápida y económica posible y en consecución a la búsqueda de la verdad.

Así, pues, concluimos que el TPI —en observancia a la norma procesal— no abusó de su discreción al admitir las ocho (8) aseveraciones del *Requerimiento de Admisiones* en controversia. Tampoco incidió el foro impugnado al denegar una segunda

prórroga ni dar paso a la *Contestación a Requerimiento de Admisiones* presentado fuera del plazo extendido. Procede la denegación del auto discrecional del título.

**IV.**

Por los fundamentos antes expresados, acordamos denegar la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones